The opinion of the Court was delivered by
Nott, J.
The penalty is the obligatory part of a bond. The condition is in the nature of a defeasance, by the performance of which, the obligor is relieved from the payment of the penalty. By a non-performance of the condition, the penalty is forfeited, and at common law became *41 the true debt. A Court of Equity only could *give relief against the penalty; and that only upon condition, that the party would pay up the whole amount of principal and interest. , By the statute of 4 Ann, c. 16, P. L. 95,[1] Courts of Law may now order satisfaction of the debt to be entered up upon the payment of the principal, interest, and costs. But it must be legal interest.
Geddes and Lance, for the motion. Gadsden, contra.
The defendant’s testator stipulated to pay four per cent up to a given time; and then to pay the principal. His contract to pay four per cent. ended at that time, and his privilege to pay no more, ended with it.
A person is always bound to pay legal interest, except where there is an agreement to take less. In this case the plaintiff did not agree to take less, any longer than until the principal became due. The law, which the parties had made for themselves, having ended at that time, the contract was governed by the law of the land afterwards. • -
A new trial, therefore, cannot be granted on that ground.
But another ground has been taken, in the course of the argument, which did not appear in the Court below. The bond was executed in East Florida, and is made payable there. The defendant, therefore, is only bound to pay the interest of that place ; and as it does not appear what that interest is, or was at that time, a new trial must be granted to ascertain that fact.
Colcock and Johnson, JJ., concurred.

 2 Stat. 435, $13. Not in its proper place.